UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WILLIAM ANDERSON and ) <br> BETTY SUE ANDERSON ) <br> ) <br>     *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> BOVIS LEND LEASE, ROBERT BLACK JR., ) <br> TRANSCOR AMERICA LLC, and ) <br> MARTHA H. WEBB ) <br> ) <br>     *Defendants*. ) | Case No. 1:07-CV-125 <br><br> Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Before the Court is the motion to dismiss filed by defendants Transcor America and Martha H. Webb (Court File Nos. 26 & 27). Plaintiffs William Anderson and Betty Sue Anderson ("Plaintiffs") filed a response (Court File No. 28), and the matter is now ripe for a decision.[1] For the following reasons, the Court will **GRANT** defendants Transcor's and Webb's motion to dismiss (Court File No. 26).

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

According to Plaintiffs' complaint, which was filed on May 31, 2007, Plaintiffs suffered serious injuries in a car accident on June 3, 2006, when their car was hit by defendant Black, who was driving a truck for his employer, defendant Bovis (Court File No. 1).[2] Bovis filed an answer

---

[1] Two other defendants, Bovis Lend Lease and Robert Black Jr., have not made any filings related to this motion. An additional defendant, Lease Plan USA, was voluntarily dismissed as a defendant by Plaintiffs (Court File No. 16).

[2] Plaintiffs state that "contemporaneously" with the filing of this case, "separate parties in this collision filed suit in Marion County Circuit Court" against all the current plaintiffs and defendants

denying liability (Court File No. 4). On August 16, 2007, Black filed an answer also denying liability (Court File No. 6). As his second affirmative defense, Black alleged comparative fault, but did not say who was at fault. In his sixth affirmative defense, Black averred Plaintiffs violated a Tennessee statute and "the driver of a bus owned and operated by Transcor America violated this statute."

Plaintiffs interpreted that statement as alleging negligence by defendant Transcor and its driver, who they discovered to be defendant Webb (Court File No. 19). On November 9, 2007, Plaintiffs filed a motion to amend their complaint to add Transcor and Webb as defendants (Court File Nos. 18 & 19). The magistrate judge assigned to the case set a hearing on the motion to amend for November 30, 2007 (Court File No. 20). On that date, there was no hearing, and instead Plaintiffs and defendants Bovis and Black filed a joint motion to amend the pleading to add Transcor and Webb as defendants (Court File No. 21). The magistrate judge approved the joint motion on December 4, 2007 (Court File No. 22).

Plaintiffs served Webb and Transcor on December 31, 2007 (Court File Nos. 24 & 25).[3] Those defendants filed the instant motion to dismiss.

II.     STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the

---

in this case. This Court is otherwise unaware of the proceedings in that court.

[3]Although the summons are not part of the pleadings, they are public records of which the Court can take judicial notice and rely on in this motion to dismiss. *See* Fed. R. Evid. 201; *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *C.D. Acquisition Holdings, Inc. v. Baumgartner*, No. 3:05-CV-583, 2006 WL 1491191, *1, 2006 U.S. Dist. LEXIS 33232 (E.D. Tenn. 2006). Furthermore, Plaintiffs acknowledge this date in their brief (Court File No. 28, p. 2).

complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. DISCUSSION

Tennessee has a one-year statute of limitations for personal tort injuries. Tenn. Code Ann. § 28-3-104. Plaintiffs' complaint was filed a few days before that one-year deadline. By the time Black filed an answer asserting comparative fault by Transcor and Webb,[4] the statute of limitations

---

[4] Plaintiffs' memorandum seems to suggest Black's answer did not allege comparative fault by Defendants, although Plaintiffs never fully make that argument. If Plaintiffs contend Black did not allege comparative fault, then their amended complaint against Defendants is barred by the statute of limitations, so presumably that is not their contention. The Court will assume Black's answer sufficiently alleges comparative fault by Transcor and Webb. *See Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007) (holding that § 20-1-119 applies when "a defendant's answer gives a plaintiff notice of the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury").

had run against Transcor and Webb. To avoid the statute of limitations, Plaintiffs added Transcor and Webb pursuant to Tenn. Code Ann. § 20-1-119(a), which allows a plaintiff 90 days from the date a defendant asserts a third party's comparative fault to filed an amended complaint and serve the new defendants.[5] Transcor and Webb move to dismiss all claims against them on the grounds Plaintiffs did not comply with the 90-day requirement of § 20-1-119(a). Their motion is meritorious because neither the amended complaint nor service of process were completed within the 90-day period.

Black filed his answer on August 16, 2007. Eighty-five days later, on November 9, 2007, Plaintiffs filed their motion to amend the complaint to add Transcor and Webb. That motion was not approved until December 4, 2007. Plaintiffs filed their amended complaint the same day. They served Defendants on December 31, 2007, which is 137 days after Black filed his answer.

A recent change in the Tennessee Rules of Civil Procedure does not affect the outcome of this motion. Until July 1, 2007, both Tenn. R. Civ. P. 15.01 and Fed. R. Civ. P. 15(a)(2) required a party to obtain leave of the court to amend pleadings if a responsive pleading was already filed. The federal rule remains the same, but now Tenn. R. Civ. P. 15.01 expressly allows amendments

---

[5]The relevant portion of § 20-1-119(a) states:
In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person

4

under § 20-1-119 without leave of the court.[6] Therefore, if this case was in a state court in Tennessee, Plaintiffs would not have needed leave of the court to amend their complaint, and it would have been filed within the 90-day period. But because this case is in federal court, Plaintiffs needed leave of court, and the amended complaint was not approved within the 90-day period.[7]

However, even if the amended complaint had been approved within the 90-day period, Plaintiffs would still be barred from suing Transcor and Webb because Plaintiffs were also required to "cause process to be issued" within that 90 days. § 20-1-119; *accord Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 570 (Tenn. 2006). Defendants were not served until 137 days after Black filed his answer. Service occurred 27 days after the amended complaint was approved. If the amended complaint had been approved the day it was filed, which was 85 days after Black's answer, Plaintiffs would have had only five days to serve Transcor and Webb, not 27 days.

In *Jones*, which was decided under the old version of Tenn. R. Civ. P. 15.01 (which corresponds to Fed. R. Civ. P. 15), the Tennessee Supreme Court explained the four requirements of a successful amendment under § 20-1-119: "(1) the filing and (2) granting of a motion to amend,(3) the filing of an amended complaint, and (4) the issuance of process." 193 S.W.3d at 570. All four must be completed within 90 days. *Id.* Plaintiffs argue complying with those requirements would produce a result inconsistent with the spirit of the legislation because, they contend, they sent their amended pleadings to Transcor within the 90-day period. However, Transcor and Webb were

---

[6]"Summary of Revisions to the Tennessee Rules of Procedure," *available at* http://www.tsc.state.tn.us/OPINIONS/tsc/RULES/2007/AllRulesSummary.pdf.

[7]Plaintiffs apparently never indicated to the magistrate judge she needed to act quickly to approve the amended complaint. Furthermore, it took Plaintiffs 21 days from when they filed the motion to amend their complaint to when they submitted an agreed order with defendants Bovis and Black.

5

not served during the 90-day period, and *Jones* requires strict compliance with the statute. "Regardless of the *reason* for untimely completion of any of these requirements, Tennessee courts have consistently held that the plaintiff's motion to amend must be filed and granted, the amended complaint must be filed, and process must be issued, all within ninety days to comply with section 20-1-119." *Id.* (emphasis in the original). Although this statute produces a harsh result, the Court is obliged to follow it and must conclude the addition of Transcor and Webb was untimely.

## IV. CONCLUSION

For the foregoing reasons, defendants Transcor America and Webb's motion to dismiss will be **GRANTED** (Court File No. 26).

An Order shall enter.

*/s/*
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**